

**UNITED STATES DEPARTMENT OF COMMERCE**
**Office of Inspector General**
Washington, D.C. 20230

October 28, 2019

## INFORMATION MEMORANDUM FOR SECRETARY ROSS

**FROM:**   Carol N. Rice
Assistant Inspector General for Audit and Evaluation

**SUBJECT:**   *Management Alert: Certain Communications by Department*
*Officials Suggest Improper Influence in the Section 232*
*Exclusion Request Review Process*
Final Memorandum No. OIG-20-003-M

Attached is a management alert regarding a lack of transparency that contributes to the appearance of improper influence in decision-making for tariff exclusion requests under Section 232 of the Trade Expansion Act of 1962, as amended.[1] Issues regarding this topic came to our attention during fieldwork for the ongoing audit of the Bureau of Industry and Security's and International Trade Administration's processes and procedures for reviewing and adjudicating Section 232 exclusion requests.

Consistent with the Inspector General Act of 1978, as amended,[2] we are notifying Bureau of Industry and Security leadership of the potential risks that could affect the management of the Section 232 exclusion request review process.

We are not requesting a formal response to this management alert, as the key issues discussed in it were briefed to cognizant Departmental officials in advance of issuance. This management alert will be posted to our public website. We plan to include the information in a full audit report to be issued at a later date.

If you have any questions or concerns about this memorandum, please contact me at (202) 482-6020 or Terry Storms, Division Director, at (202) 482-0055.

---

[1] 19 U.S.C. § 1862.

[2] The Inspector General Act of 1978, as amended, establishes that offices of inspectors general will provide a "means for keeping the head of the establishment and the Congress fully and currently informed about problems and deficiencies relating to the administration of such [establishment's] programs and operations and the necessity for and progress of corrective action." 5 U.S.C. App., § 2(3).



# Management Alert

## Certain Communications by Department Officials Suggest Improper Influence in the Section 232 Exclusion Request Review Process

**October 28, 2019**                                    **Final Memorandum No. OIG-20-003-M**

## Key Issues

Department officials and interested parties have discussed information about pending exclusion requests that was not included in the official record. Following some of these off-record communications, Department officials took subsequent action consistent with such communications, giving the appearance that the Section 232 exclusion request review process is not transparent and that decisions are not rendered based on evidence contained in the record. Additionally, the Bureau of Industry and Security (BIS) changed an internal criterion used to review exclusion requests before posting them online at the request of an objector, creating the perception of undue influence.

## Proposed Actions for Change

BIS should immediately take action to ensure the transparency of the Section 232 exclusion request review process. Specific actions BIS should consider include (1) regarding all decisions as final once they are posted online, or amending the rules to allow for appeals; (2) creating a formal process for modifying internal criteria that is used to review exclusion requests, in order to ensure internal criteria are properly vetted and approved prior to implementation; and (3) documenting all discussions with interested parties, and directing all emails concerning specific exclusion requests to BIS' official organizational email addresses, to ensure that the correspondence becomes part of the official record.

## Background

BIS is the lead entity that administers the exclusion request review process for steel and aluminum imports subject to tariffs imposed pursuant to Section 232 of the Trade Enhancement Act of 1962, as amended.[3] The International Trade Administration's (ITA's) Enforcement and Compliance (E&C) business unit provides recommendations to BIS on exclusion requests, to which some domestic steel or aluminum producers object.

Exclusion request decisions are to be made on the basis of product (per the 10-digit Harmonized Tariff Schedule United States Code) and the specific physical characteristics of the product (e.g., dimensions or chemical composition).[4] BIS assesses exclusions requests for completeness and accuracy in a pre-clearance

---

[3] 19 U.S.C. § 1862.

[4] The Harmonized Tariff Schedule of the United States provides the applicable tariff rates and statistical categories for all merchandise imported into the United States. The Schedule is based on the international Harmonized System, the global system of nomenclature that is used to describe most world trade in goods.

Management Alert: Certain Communications by Department Officials Suggest Improper
Influence in the Section 232 Exclusion Request Review Process

Case 1:20-... Page 3 of 4

process and, if accepted, posts the request online for public review.[5] After it is posted online, the exclusion request goes through a three-stage process: (1) allowance for rebuttal and surrebuttal by objectors and requesters (i.e., interested parties), (2) evaluation and a recommendation by E&C, and (3) a final decision by BIS that is made publically available.[6]

# Our Observation(s) to Date

On October 29, 2018, we initiated an audit with the objectives to determine whether (1) BIS and ITA adhere to the processes and procedures in place to review Section 232 product exclusion requests and (2) exclusion request decisions are reached in a consistent and transparent manner.[7] During our fieldwork, the following issues came to our attention that we believe require your immediate attention:

- Evidence of an unofficial appeals process exists.

- Communications with an objector prompted a change in internal review criteria.

- Off-record discussions between interested parties and Department officials are not documented.

We believe these issues give the perception that the Section 232 exclusion request review process is neither transparent nor objective.

## Evidence of an Unofficial Appeals Process Exists

The regulations governing the Section 232 exclusion request review process[8] do not provide for appeals of final decisions; that is, the process ends when BIS publicly posts its decisions. However, we have seen evidence that BIS officials reconsidered several approved and posted exclusion requests (for which there were no procedural errors) at the request of an objector. We note that while BIS took action to reconsider these decisions, we have no evidence that these exclusion requests were subsequently rescinded or otherwise amended.

## Communications with an Objector Prompted a Change in Internal Review Criteria

Prior to publicly posting exclusion requests, BIS evaluates them during a pre-clearance phase using internally developed criteria to ensure completeness and correctness. We identified that BIS revised a

---

[5] Through June 12, 2019, exclusion requests were posted on *www.regulations.gov*. Since June 13, 2019, requests have been posted on *www.commerce.gov/page/section-232-investigations*.

[6] For additional background about the exclusion request review process, see: Department of Commerce Office of Inspector General, July 1, 2019. *One Year Later—A Look at the Timeliness and Completion Status of Section 232 Product Exclusion Requests*, OIG-19-017-M. Washington, DC: DOC OIG.
Available at https://www.oig.doc.gov/OIGPublications/OIG-19-017-M.pdf (accessed September 18, 2019).

[7] DOC OIG, October 29, 2018. *Audit of BIS and ITA Processes and Procedures for Reviewing and Adjudicating Section 232 Exclusion Requests (#2019-333)*. Washington, DC: DOC OIG.

[8] DOC Bureau of Industry and Security, "Requirements for Submissions Requesting Exclusions From the Remedies Instituted in Presidential Proclamations Adjusting Imports of Steel Into the United States and Adjusting Imports of Aluminum into the United States; and the Filing of Objections Submitted to Exclusion Requests for Steel and Aluminum," 83 Fed. Reg. 12106, March 19, 2018, and "Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum," 83 Fed. Reg. 46026, September 11, 2018.

**Management Alert: Certain Communications by Department Officials Suggest Improper Influence in the Section 232 Exclusion Request Review Process**

Case 1:20-... Page 4 of 4

criterion for reviewing a specific attribute[9] in the exclusion request form template within days of receiving a communication from an objector regarding the criterion. We found no evidence that other interested parties, such as requesters, were aware of the communication and had an opportunity to express their views on the issue. This follow-on action gives the appearance of improper influence to the process by an interested party. This criterion change will likely result in an increase in the number of exclusion requests rejected during pre-clearance.

## Off-Record Discussions Between Interested Parties and Department Officials Are Not Documented

Just prior to the inception of the exclusion request review process on March 19, 2018, Department officials met with interested parties to discuss exclusion requests. Of the more than 100 meetings and telephone conversations between Department officials and interested parties that we examined for the period March 1, 2018, through March 31, 2019, none had an official record of the subjects discussed during the meeting. We also noted that, during these meetings, interested parties sometimes planned to discuss information about pending exclusion requests with Department officials that is not part of the official record used in BIS' or ITA's review. However, because there are no records of discussions, it is not clear whether pending exclusion requests were actually discussed or if BIS or ITA considers the information discussed at these meetings while rendering decisions. Nonetheless, this gives the appearance that Department officials may not be impartial or transparent and are potentially making decisions based on evidence not contained in the official record for specific exclusion requests.

# Our Future Work

The concerns presented in this memorandum and any action taken by BIS as a result of this management alert will be considered in our future audits of BIS. This management alert will be posted to our public website.

---

[9] Attributes include specifications such as the chemical composition, dimensions, and performance data of the product included in the exclusion request.