IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| EVRAZ INC NA. AND<br>EVRAZ INC NA. CANADA,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES,<br><br>   Defendant. | Court No. 20-03869 |

ORDER

Upon consideration of the defendant's motion for a voluntary remand, and all responses thereto, it is hereby ORDERED that the motion is GRANTED; and it is further

ORDERED that the Department of Commerce's final determinations not to exclude 88 products from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862, challenged in this action are remanded to Commerce for reconsideration in accordance with this order; and it is further

ORDERED that:

- Upon issuance of this order, and considering that this case concerns 88 exclusion requests, Commerce shall file its remand results in tranches in accordance with the following schedule:

| | |
|---|---|
| Tranche 1 | 170 days after the issuance of this order |
| Tranche 2 | 190 days after the issuance of this order |
| Tranche 3 | 210 days after the issuance of this order |

- Commerce shall file its administrative record for the remand proceedings no later than 14 days after filing its remand results for the third tranche; and
- The parties shall file a proposed scheduling order no later than 14 days after the filing of the third tranche of remand results.

SO ORDERED.

July ____, 2021

_____

New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| EVRAZ INC NA. AND<br>EVRAZ INC NA. CANADA,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant. | Court No. 20-03869 |

## DEFENDANT'S MOTION FOR VOLUNTARY REMAND

Defendant, the United States, respectfully requests that the Court remand the challenged actions of the United States Department of Commerce for the agency to reconsider its final determinations not to exclude 88 products from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862.

If this motion is granted, Commerce intends to reconsider the subject exclusion requests and provide, where necessary, additional explanation for its decisions. Commerce will issue new determinations to either: (1) grant the requests excluding some or all of these products

from the scope of the Section 232 measure on steel imports; or (2) deny the exclusion requests.

For exclusion requests that were denied in whole or in part due to Harmonized Tariff Schedule (HTS) administrability issues, Commerce intends to permit the plaintiffs, Evraz Inc. NA and Evraz Inc. NA Canada (collectively, Evraz), a reasonable amount of time on remand to resolve the Harmonized Tariff Schedule (HTS) issue with Customs & Border Protection. Should Evraz resolve the inconsistency between the HTSUS code under which exclusion was sought and the product identified in the exclusion request, Commerce will then issue a new determination.

On July 22, 2021, Craig Lewis, counsel for Evraz, represented that the plaintiff opposes our motion.

## BACKGROUND

Pursuant to the authority granted the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products. *Adjusting Imports of Steel Into the United States, Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15, 2018). In implementing the steel tariff, the President "authorized

[Commerce] to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations." *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

Plaintiff Evraz sought exclusions for 88 different steel products[1]. *See* Am. Compl. Table 1.  Commerce (Bureau of Industry and Security, or BIS) rejected all 88 requests.  In general, Commerce denied the requests because it found:  (a) that the domestic industry was capable of manufacturing sufficient quantities of merchandise of sufficient quality for all subject requests; (b) Evraz's product description was inconsistent with the claimed classification under the HTS of the United States; or (c) both.  In its complaint, Evraz contends that Commerce has failed "to adequately explain its rationale for its determinations." Am. Compl. ¶ 67.

---

[1] The table accompanying the amended complaint identifies 89 exclusion requests, including one exclusion request for line pipe (BIS-2018-0006-19298) that was refiled as BIS-2018-0006-39042.

3

In the beginning of Commerce's administration of the exclusion process in 2018 through 2019, Commerce officials met with interested parties (both requesters and objectors) to discuss pending exclusion requests and to discuss the exclusion program generally. BIS has no regulation requiring the documentation of such meetings and, at the time, did not have a practice of contemporaneously documenting those meetings. That practice ceased in late 2019.

In a management alert issued in late 2019, the Department of Commerce's Office of the Inspector General (OIG) stated that the lack of contemporaneous documentation of these meetings gave the "appearance that Department officials may not be impartial or transparent and are potentially making decisions based on evidence not contained in the official record for specific exclusion requests." *See* Management Alert: Certain Communications by Department Officials Suggest Improper Influence in the Section 232 Exclusion Request Review Process Final Memorandum No. OIG-20-003-M (Oct. 28, 2019).[2]

---

[2] The memorandum is available at https://www.oig.doc.gov/Pages/Management-Alert-Certain-Communications-by-Department-Officials-Suggest-Improper-Influence-in-the-Section-232-Exclusion-Req.aspx

4

Significantly, no determination was made that any agency officials acted in bad faith or without impartiality.

In its complaint, Evraz cites, among other things, this memorandum and alleges that it had "no opportunity to review or comment on those communications." Am. Compl. ¶ 58.

## ARGUMENT

I. <u>Standard Of Review</u>

Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Indeed, under the circumstances here, which involve weighing multiple interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual

circumstances verging on bad faith." *Id.* at 1029-30 (identifying the appropriateness of remand with respect to a change in policy relating to the interpretation of an ambiguous statute); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action.").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029. Commerce's concerns are substantial and legitimate where: (1) "Commerce provided a compelling justification for its remand request," (2) "the need for finality - although an important consideration - does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005).

"If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on

the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

II. Commerce's Request For Remand Is Based In Substantial and Legitimate Concerns

We respectfully request that the Court remand Commerce's determinations for the exclusion requests at issue for further consideration, without confessing error.

First, Commerce has a compelling justification for its request for voluntary remand. Commerce acknowledges that another Judge of this Court, in *JSW Steel, Inc. v. United States*, found that Commerce's denials of the exclusion requests at issue in that case were "devoid of explanation and frustrate judicial review." 466 F. Supp. 3d 1320, 1330 (Ct. Int'l Trade 2020). Based on its review of the decision memoranda and underlying recommendations in this case, which are similar in reasoning and scope of analysis as those reviewed in *JSW*, Commerce wishes to reconsider the exclusions and to provide additional reasoning or explanation, as necessary.

Additionally, we recognize that, in the absence of contemporaneous *ex parte* memoranda, and despite our best efforts to provide the Court and parties with documents and information in existence concerning communications between interested parties and Commerce while the exclusion requests were pending, the Court may nonetheless conclude that the existing record is incomplete. Commerce therefore proposes, on remand, to reconsider the exclusion requests by engaging in a new and independent review of a record limited to: (1) the original exclusion request; (2) the parties' original objections, rebuttals and sur-rebuttals, and (3) any other information that the decision-maker considers, which will be documented in the record.

Because Commerce will be making new determinations, the proposed remand eliminates any disputes about what was before the decision-maker at the time the original decisions were made, or any claim that the agency previously considered *ex parte* information. Thus, a voluntary remand at this stage, to create and decide the exclusions based on a new and independent review of the original record submissions, will eliminate any potential disputes about the completeness of the current record.

Second, the need for finality is not outweighed by the agency's justification. Indeed, Evraz seeks to overturn Commerce's denials of its exclusion requests. *See* Compl. Prayer for Relief. On remand, Commerce could grant some or all of the exclusion requests that Evraz challenges in this case. Thus, "remanding for reconsideration now essentially expedites relief that {the plaintiff} seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later." *Borusan Mannesmann Pipe U.S. Inc. v. United States*, 2020 Ct. Intl. Trade LEXIS 95 (July 20, 2020). Should Commerce grant an exclusion on remand, the one-year exclusion will be retroactive to the date the request for exclusion was accepted by Commerce. *Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018).

Third, the scope of our request is appropriate. The scope is broad – Commerce intends to fully reconsider all aspects of the exclusion requests based on a new and independent review. This broad scope is necessary and proportional to resolve the issues presented in this appeal.

9

Commerce's request is therefore substantial and legitimate. Remand will conserve judicial resources on a matter that may well be mooted or resolved by further agency consideration of the matter. Further, remand will provide the opportunity for meaningful judicial review of supported determinations based upon the parties' original submissions, thus resolving any dispute as to the completeness of the present administrative record. *Fla. Power & Light*, 470 U.S. at 744; *see, e.g., Katunich v. Donovan*, 5 C.I.T. 274, 275 (1983) (remanding to agency upon finding that administrative record was incomplete). Moreover, when a reviewing court is unsure of an agency's reasoning, the proper course is to remand "to afford the agency an opportunity to set forth its view in a manner that would permit reasoned judicial review." *Checkosky v. SEC*, 23 F.3d 452, 462 (D.C. Cir. 1994) (separate opinion of Silberman, J.). In sum, a voluntary remand will foster the just, speedy, and inexpensive resolution of this case. USCIT R. 1.

Commerce estimates that it will need up to 210 days to reconsider all of these exclusion requests. This time contemplates up to 14 days for Evraz to confer with Customs & Border Protection, as necessary, and to resolve its HTS administrability issues.

In seeking this amount of time, Commerce has considered its limited resources, and its ongoing statutory obligations. In particular, there are currently over 19,000 pending exclusion requests before Commerce, which, in general, Commerce must decide within 106 days. Moreover, Commerce is seeking voluntary remands in other pending exclusion cases, necessitating the staggering of schedules for remand proceedings in these cases. In light of the large number of exclusion requests at issue in this case, Commerce proposes completing and filing remand results in three tranches.

The duration of our request will not prejudice the plaintiffs. If, on remand, Commerce grants an exclusion, Evraz will then be able to notify CBP and request to apply the exclusion to specific entries. If CBP determines that a claimed exclusion applies to the merchandise covered by the entries, those entries will be liquidated without section 232 duties, and with interest provided for by law.[3]

---

[3] "[S]teel . . . articles specified in the approved decision memo in entries that have not been liquidated by CBP are those eligible for tariff refunds or tariff exclusions." 85 Fed. Reg. 81,060, 81,064 (Dep't of Commerce Dec. 14, 2020). Recognizing that potentially covered merchandise could enter the United States while an exclusion request is pending, CBP has provided guidance to importers on how to claim an exclusion on previously imported entries. CSMS #39633923, UPDATE:

For these reasons, we respectfully request that the Court grant our motion for voluntary remand.

                                  Respectfully submitted,

                                  BRIAN M. BOYNTON
                                  Acting Assistant Attorney General

                                  JEANNE E. DAVIDSON
                                  Director

                                  <u>/s/Tara K. Hogan</u>
                                  TARA K. HOGAN
                                  Assistant Director

OF COUNSEL:

                                  JOSHUA E. KURLAND
                                  Trial Attorney
Kimberly Hsu                     Department of Justice
Office of Chief Counsel for    Civil Division
Industry and Security         Commercial Litigation Branch
Department of Commerce   P.O. Box 480, Ben Franklin Station
                                  Washington, D.C. 20044
                                  Tel.: (202) 616-0477
                                  Email: Joshua.E.Kurland@usdoj.gov

Dated: July 22, 2021         Attorneys for Defendant

---

Submitting Imports of Products Excluded from Duties on Imports of Steel or Aluminum (Sept. 3, 2019), *available at* https://content.govdelivery.com/accounts/USDHSCBP/bulletins/25cc403.